IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DALLAS MOUNTS,

          Plaintiff,

v.                                      CIVIL ACTION NO.  2:15-cv-13335

BLACKHAWK MINING, LLC, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Remand [ECF No. 8]. Upon review of the parties' filings, the court **GRANTS** the Motion for the reasons herein.

**I.**      **Background**

The plaintiff, a citizen of West Virginia, was employed by the defendants, Blackhawk Mining, LLC ("Blackhawk") and Hampden Coal, LLC ("Hampden"), or their predecessor corporations, for approximately fourteen years. Compl. ¶ 6 [ECF No. 1-1]. Blackhawk and Hampden are foreign corporations with both their place of incorporation and principle place of business situated outside of West Virginia. *Id.* ¶¶ 3–4; Notice of Removal ¶¶ 11–12 [ECF No. 1]. The third defendant, Tony Osborne, is a citizen of West Virginia, and he is the Manager of Human Resources for Hampden. Notice of Removal ¶ 13; Aff. Osborne ¶ 1 [ECF No. 1-5].

On March 23, 2015, the plaintiff was discharged from his employment with the defendants. Compl. ¶ 8. On August 19, 2015, the plaintiff filed a Complaint in the Circuit Court of Logan County, West Virginia, alleging that his employment termination was based upon, in whole or in

part, his age, in violation of the West Virginia Human Rights Act ("Act"). *Id.* ¶ 9. The plaintiff specifically alleged that Osborne "was involved in the decision to terminate the plaintiff." *Id.* ¶ 5. The defendants timely removed this case to federal court on September 21, 2015, on the grounds that this court has diversity jurisdiction over the case under the doctrine of fraudulent joinder. Specifically, the defendants assert that Osborne is a feigned defendant, and thus the court may disregard, for jurisdictional purposes, Osborne's citizenship, assume jurisdiction over the case, dismiss the non-diverse defendant, and retain jurisdiction. Notice of Removal ¶ 14.

On September 30, 2015, the plaintiff filed his Motion to Remand [ECF No. 8], asking the court to remand this case back to the Circuit Court of Logan County, West Virginia. The defendants filed their Response on October 13, 2015 [ECF No. 11], and the plaintiff filed a Reply on October 20, 2015 [ECF No. 13]. The issue of remand is now ripe for this court's consideration.

**II.     Legal Standard**

For removal from state to federal court to be appropriate, the federal court must possess original jurisdiction. 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to a federal court by the defendant."). "A case falls within [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corrs. v. Schacht,* 524 U.S. 381, 388 (1998) (emphasis omitted). Despite complete diversity, under the "forum defendant rule" a case is not removable where one or more of the defendants "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction implicates significant federalism concerns, it is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941); *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, the case must be remanded. *Palisades Collections LLC v. Shorts,* 552 F.3d 327, 334 (4th Cir. 2008).

Under the doctrine of "fraudulent joinder," however, the court may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). The burden on the party asserting fraudulent joinder is heavy. The defendant must establish either that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993) (citation omitted). "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232–33 (citations omitted). The Fourth Circuit has additionally held that "[t]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under the Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted). In fact, "there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426 (citation omitted). In determining whether the plaintiff has a glimmer of hope, the court

3

may consider the entire record. *AIDS Counseling & Testing Ctrs. v. Group W. Television, Inc.,* 903 F.2d 1000, 1004 (4th Cir. 1990).

**III.     Discussion**

In this case, the defendants do not contend there has been outright fraud in the plaintiff's jurisdictional pleadings, but rather that, for the following reasons, there can be no cause of action against Osborne. First, the defendants argue Osborne, as Hampden's Manager of Human Resources, was not an "employer" within the definition of the Act. Notice of Removal ¶ 17. Second, the defendants argue that, because the Complaint does not specifically allege that Osborne employed the plaintiff, Osborne "cannot possibly be liable to Plaintiff for employment discrimination under the Human Rights Act and Plaintiff's claim against him in that regard fails as a matter of law." *Id.*

Under the Act, an individual, including a fellow employee, can be held liable for engaging in discriminatory practices. *St. Peter v. Ampak–Div. of Gatewood Prod., Inc.,* 484 S.E.2d 481, 489 (W. Va. 1997); *see also* W. Va. Code § 5-11-9. Moreover, the plaintiff's allegations in this case are identical to the allegations claimed in *Simmons v. Taco Bell of Am., Inc.*, 2:11-cv-00125, 2011 WL 2076413 (S.D. W. Va. 2011). Pl.'s Reply Ex. 1 [ECF No. 13-1]. Here, the plaintiff has adequately alleged that Osborne participated in the decision to terminate his employment; the fact that Osborne denies, through his affidavit, any involvement in the decision to terminate the plaintiff's employment is of no consequence because the court resolves all factual inconsistencies in the plaintiff's favor at this stage of the proceedings. While this court makes no assessment of the likelihood of the plaintiff's success regarding his allegation against Osborne, the fraudulent joinder standard requires only a *possibility* of a claim. *Simmons*, 2011 WL 2076413, at *3. As in

4

*Simmons*, this court **FINDS** that the plaintiff does have a possibility of a right to relief in his claim against Osborne as an individual under the Act.

The plaintiff also requests the court to award him costs and fees. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). While the defendants' arguments supporting removal are ultimately unpersuasive, I nevertheless **FIND** that the defendants had an objectively reasonable basis for seeking removal. Accordingly, the plaintiff's request for costs and fees is **DENIED.**

### IV. Conclusion

Based on the foregoing, the court **FINDS** that, because Osborne was not fraudulently joined, his West Virginia citizenship prevents the removal of this case under the court's diversity jurisdiction. Accordingly, the court **GRANTS** the plaintiff's Motion to Remand [Docket 8], and **ORDERS** that this action be remanded to the Circuit Court of Logan County, West Virginia. The court **DENIES** the plaintiff's request for costs and fees.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 28, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE